IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 20, 2022

**DERRICK LAKEITH BROWN v. MARLINEE C. IVERSON**

**Appeal from the Chancery Court for Shelby County**
**No. CH-21-0272      JoeDae L. Jenkins, Chancellor**

————————————————————

**No. W2022-00045-COA-R3-CV**

————————————————————

Appellant, Derrick Lakeith Brown, has appealed an order of the Shelby County Chancery Court that was entered on November 5, 2021. We determine that the November 5, 2021 order does not constitute a final appealable judgment. Therefore, this Court lacks jurisdiction to consider the appeal. The appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

J. STEVEN STAFFORD, P.J., W.S.; ARNOLD B. GOLDIN, J.; KENNY ARMSTRONG, J.

Derrick Lakeith Brown, *pro se*, appellant.

Katherine L. Frazier, Memphis, Tennessee, for the appellee, Marlinee C. Iverson.

**MEMORANDUM OPINION[1]**

Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate Procedure, on August 9, 2022, the Court directed Appellant to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction after it became clear that

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

there was no final judgment from which an appeal as of right would lie. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

Specifically, the order appealed was entered by the trial court on November 5, 2021. On December 17, 2021, Appellant filed a motion in the trial court seeking, among other things, reconsideration of the court's November 5, 2021 order.[2] However, there is no indication in the appellate record that the trial court ever ruled on Appellant's December 17, 2021 motion. On August 9, 2022, this Court entered an Order directing Appellant to supplement the record with a final judgment or show cause why the appeal should not be dismissed. Although Appellant responded to this Court's August 9, 2022 Order, Appellant did not supplement the record with an order adjudicating the pending motion. His response also failed to show good cause why this appeal should not be dismissed for lack of a final judgment.

As the order appealed does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal. Thus, the appeal is hereby DISMISSED. Costs on appeal are taxed to Appellant, Derrick Lakeith Brown, for which execution may issue.

PER CURIUM

---

[2] Appellant, *pro se*, is incarcerated in a correctional facility. He signed and dated his motion for reconsideration on November 23, 2021, with a reference to the "mailbox rule." We assume this refers to Rule 5.06 of the Tennessee Rules of Civil Procedure, which provides, in relevant part as follows:

> If papers required or permitted to be filed pursuant to the rules of civil procedure are prepared by or on behalf of a pro se litigant incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing.

In light of the foregoing, and for purposes of this Order only, we consider Appellant's motion for reconsideration of the trial court's November 5, 2021 order to have been timely filed in accordance with Rule 59.04 of the Tennessee Rules of Civil Procedure.